### The accounting in the Estate of GEORGE COLON.

A PERSON not having a demand against the estate of a deceased person, cannot have an order for a compulsory accounting against an executor.

A general guardian claiming against his late ward, who has arrived at age, must settle accounts before the Surrogate, and cannot sue in the Supreme Court for the balance due him.

J. RIDGWAY, *for Petitioner.*

THE SURROGATE. The late general guardian of the Colon infant, sued his late ward (now arrived at age) in

the Supreme Court for advances claimed to have been made beyond receipts. At the Richmond County Circuit, Mr. Justice Gilbert dismissed the complaint, on the ground, as appears from his written opinion, that "the plaintiff, having been general guardian of the infant during the time of the accruing of the alleged indebtedness, could not maintain an action at law against his late ward;" and the learned Judge said that the only remedy would be on the settlement of the accounts of the general guardian before the Surrogate who had appointed him. The guardian now applies to me for an order against the executors of George Colon to render an account of their proceedings, the late ward being a legatee under the will of George Colon.

As the petitioner applies on his own behalf, and not as general guardian, I must refuse his application. He is not a person having a demand against this estate. (3 *R. S., 5th ed., p.* 178, § 57.) He claims against his ward. He must pursue the course pointed out by the learned Circuit Judge, and go before the Surrogate of Richmond county, by whom he was appointed general guardian. There he must settle his accounts with his late ward, and obtain a decree in his favor, if he can show that he has expended beyond his receipts. The enforcement of that decree against the legacy of his late ward will be a matter for consideration when he has obtained it.